UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

```
MONTRELLE MITCHELL and              *        CIVIL ACTION
STEVEN A. FENNIDY

versus                              *        NO. 07-510

EUREKA CHEMICAL COMPANY, ET AL.     *        SECTION "F"
```

ORDER AND REASONS

Before the Court are Eureka's motions to dismiss or for judgment on the pleadings and, in the alternative, for more definite statement and/or to strike. For the reasons that follow, defendant's motions are DENIED.

**Background**

On January 4, 2006, while he was unloading a delivery truck for FedEx at the Eureka Chemical Company, Steven Fennidy's right side was impaled on a forklift blade, causing (among other injuries) a massive hematoma that required surgery.

On December 6, 2006, Mr. Fennidy and his wife sued Eureka and its insurer. On January 26, 2007, Eureka removed the suit to this Court, invoking the Court's diversity jurisdiction.

I.

A.  Rule 12(b)(6) and Rule 12(c)[1]

---

[1] It is unclear that Eureka's Rule 12(b)(6) motion must be treated as a motion for judgment on the pleadings under Rule 12(c) because it was filed after the answer. See Jones v.

1

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for failure to state a claim upon which relief can be granted. The complaint must be liberally construed in the plaintiff's favor, and all facts pleaded in the complaint must be taken as true. See Campbell v. Wells Fargo Bank, 781 F.2d 440, 442 (5th Cir. 1986), cert. denied, 476 U.S. 1159 (1986). This Court may not dismiss a complaint under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of him claim which would entitle him to relief." Lowrey v. Texas A&M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The standard for ruling on a motion for judgment on the pleadings is the same. See Bennett-Nelson v. Louisiana Bd. of Regents, 431 F.3d 448, 450 n. 2 (5th Cir. 2005).

B.  Rule 12(e)

Federal Rule of Civil Procedure 12(e) provides in part:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a

---

Greninger, 188 F.3d 322, 324 (5th Cir. 1999). Eureka attempted to file the motion to dismiss simultaneously with the Answer, but the motion was marked "deficiently" filed on that day in the course of defense counsel's attempt to electronically file the motion. However, because the plaintiffs did not raise the timeliness issue, and in any event, because the standard applied to motions to dismiss for failure to state a claim and motions for judgment on the pleadings is the same, the Court need not determine the effect of the electronic filing deficiency.

>       responsive pleading.  The motion shall point
>       out the defects complained of and the details
>       desired.

C.  Rule 12(f)

Federal Rule of Civil Procedure 12(f) permits the Court to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

II.

The Court agrees with the plaintiffs that Eureka's motion wholly ignores the federal notice pleading burden.  Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  The Fifth Circuit has instructed that "a complaint will be deemed inadequate only if it fails to (1) provide notice of circumstances which give rise to the claim or (2) set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist."  See Beanal v. Freeport-McMoran, Inc., 197 F.3d 161, 164 (5th Cir. 1999).

At this stage, the Court must simply determine whether the allegations are such that the plaintiffs are "entitled to offer evidence to support [their] claim[s]."  See Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999).  Eureka contends that the plaintiffs allege nothing more than Fennidy walked into a stationary forklift that had its blades in the air.  But the Court finds that the plaintiffs have met their notice pleading burden and Eureka may

reasonably be expected to frame a response to the allegations. Eureka has not shown that it is entitled to dismissal of the claims, judgment on the pleadings, a more definite statement, or the disfavored motion to strike.

Accordingly, Eureka's motions are DENIED.

New Orleans, Louisiana, March 14, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE